# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIE CRANFORD, | Case No. 1:15-cv-01667-LJO-SKO  HC |
| Petitioner, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL FOR LACK OR JURISDICTION |
| v. | |
| ANGELA BADAGON, | |
| Respondent. | (Doc. 1) |

**SCREENING ORDER**

Petitioner, a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, seeks to compel discovery in a civil rights case currently pending in District Court.  The undersigned recommends that the Court dismiss the petition for lack of jurisdiction.

I.      **Preliminary Screening**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to conduct a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).  A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable

claim for relief can be pleaded were such leave to be granted.  *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971).

## II.   Discussion

The petition seeks discovery of photographs depicting his injuries following an assault in prison that is the subject of a pending case pursuant to 42 U.S.C. § 1983.  The petition does not identify the pending § 1983 case.

Challenges to the conditions of prison life are properly brought under 42 U.S.C. § 1983. *McCarthy v. Bronson*, 500 U.S. 136, 142 (1991).  A federal petition for writ of habeas corpus concerns whether a petitioner is in custody in violation of the Constitution.  28 U.S.C. § 2254(a). "Habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983."  *Preiser v. Rodriguez*, 411 U.S. 475, 488-89 (1973).

A motion to compel discovery in a separate § 1983 action is not properly brought as a petition for habeas corpus.  A motion for an order to compel discovery from a party must be made in the court in which the § 1983 action is pending.  F.R.Civ.P. 37(a)(2).  If Petitioner has not yet moved to compel discovery in the pending § 1983 case, the proper procedure is to move for discovery in that case.  If Petitioner has previously advanced an unsuccessful motion to compel discovery in his pending § 1983 action, the proper procedure may be to move for reconsideration or to appeal the District Court's decision as is substantively appropriate and according to applicable procedures.  In light of the limited disclosure of the § 1983 case provided in the petition for habeas corpus, this Court cannot offer any specific guidance regarding the proper procedure to be followed in that case.

## III.   Deny Certificate of Appealability

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, but may only appeal in certain circumstances.  *Miller-El v. Cockrell*,

///

2

537 U.S. 322, 335-36 (2003).  The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b)  There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)    (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>> (A)  the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B)  the final order in a proceeding under section 2255.
>
> (2)  A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3)  The certificate of appealability under paragraph (1) shall indicate which specific issues or issues satisfy the showing required by paragraph (2).

If a court denies a habeas petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Although the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that it lacks jurisdiction over a motion to compel discovery in a separate § 1983 case debatable, wrong, or entitled to proceed as a habeas corpus action.  Accordingly, the undersigned recommends that the Court decline to issue a certificate of appealability.

3

1

## IV.   Conclusion and Recommendation

2

The undersigned recommends that the Court dismiss the petition for writ of habeas corpus for

3

lack of jurisdiction and decline to issue a certificate of appealability.

4

These Findings and Recommendations will be submitted to the United States District Judge

5

assigned to the case, pursuant to the provisions of 28 U.S.C § 636(b)(1).  Within **thirty (30) days**

6

after being served with these Findings and Recommendations, Petitioner may file written objections

7

with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and

8

Recommendations."  Petitioner is advised that failure to file objections within the specified time may

9

10

constitute waiver of the right to appeal the District Court's order.  *Wilkerson v. Wheeler*, 772 F.3d

11

834, 839 ((9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

12

13

IT IS SO ORDERED.

14

Dated:   __**November 10, 2015**__                              _____**/s/ Sheila K. Oberto**
15
                                                                         UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28